942 So.2d 215 (2006)
Henry SMITH, Appellant
v.
CANAL INSURANCE COMPANY, Appellee.
No. 2004-CA-01988-COA.
Court of Appeals of Mississippi.
April 18, 2006.
Rehearing Denied August 15, 2006.
Dana J. Swan, Clarksdale, attorney for appellant.
Kevin Earl Gay, John B. MacNeill, Jackson, attorneys for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Henry Smith filed a complaint for declaratory judgment against Canal Insurance Company in the Circuit Court of Marshall County on September 17, 1999. Canal filed its motion for summary judgment on August 25, 2003, and on September 9, 2004, the circuit court granted its *216 motion. Smith appeals the circuit court's ruling.

FACTS
¶ 2. On February 14, 1999, at 8:00 p.m., a Medstar ambulance crew responded to a call in Marshall County. When they arrived, they observed deputy sheriffs and firemen already on the scene and Henry Smith lying on the ground. Smith was alert and talking. Smith informed the paramedics that he had fallen while running from a man. The paramedics conducted a complete initial exam and determined no injury or trauma. However, they advised Smith that he needed to be checked out by a doctor. This is where the facts are disputed. Smith claims that Medstar would not take him to the hospital until he paid $300 because he was uninsured. Medstar claims that he did not want to go to the hospital and signed a release after the paramedics explained the risks. Smith said he never signed the release; however, it was included in the record.
¶ 3. On February 15, 1999, Medstar responded to another call in Marshall County, and upon arrival, found Smith seated in a vehicle with a skull injury. Medstar stabilized Smith and transported him to Regional Medical Center in Memphis, Tennessee. Smith was diagnosed with closed right partial depressed skull fracture with underlying intercerebral hematoma and left partial epidural hematoma. Smith also tested positive for both crack cocaine and majuriana. During his deposition, Smith admitted that no injury arose from the care of Medstar. Smith went further to state that his injury resulted from a blow to the head from a third party around 10:00 p.m. on February 14, 1999. Therefore, it is unclear when the actual skull fracture occurred, before or after Medstar's first response.
¶ 4. Canal Insurance Company provides Medstar with liability automobile coverage. Smith filed a complaint against Medstar and a complaint for declaratory judgment against Canal on September 17, 1999, asserting that Canal was obligated as the provider of Medstar's automobile coverage. Canal answered this complaint for declaratory judgment on October 14, 1999, and filed a counter-claim and cross-claim seeking declaratory judgment regarding its insurance provided to Medstar. Canal filed its motion for summary judgment on August 25, 2003, asserting no coverage for Smith's claims. The Circuit Court of Marshall County granted this motion on September 9, 2004. Aggrieved by the ruling of the circuit court. Smith appeals raising the following issue:
I. WHETHER OR NOT THE TRIAL COURT ERRED IN GRANTING CANAL'S MOTION FOR SUMMARY JUDGMENT.
¶ 5. Smith argues that he was injured as a result of the use of Medstar's ambulance; therefore, his claim should be covered by Canal. Canal asserts that its coverage applies to bodily injury or property damage caused by an occurrence and arising out of the ownership, use, or maintenance of the insured vehicle, and since there was no damage caused by such occurrence, there is no coverage.
¶ 6. This Court follows a de novo standard of review of a trial court granting summary judgment. Mozingo v. Scharf, 828 So.2d 1246, 1249(¶ 5) (Miss.2002); Owens v. Thomae, 904 So.2d 207, 208(¶ 7) (Miss.Ct.App.2005). Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Id.
¶ 7. Medstar's insurance policy with Canal covers claims for damages for bodily injury and property damages caused by an *217 occurrence and arising out of the ownership, maintenance or use of the owned automobile. Canal provides coverage for several ambulances owned by Medstar. This coverage extends to accidents involving the loading or unloading of patients in and out of the ambulance. However, this policy does not cover causes of action regarding allegations of negligence by the paramedics which are unrelated to the ambulance. Smith's injury was not a result of the ownership or maintenance of the ambulance. Smith's injury was a result of a third party, the man who hit him on the head. Such voluntary and deliberate acts are independent and do not result from an injury arising from the use of a vehicle. Roberts v. Grisham, 487 So.2d 836, 839 (Miss.1986). Smith asserts that his injury was exacerbated as a result of the paramedics allegedly refusing to take him to the hospital on February 14, 1999. However, even if this assertion is true, the paramedic's negligence is not connected to the use of the ambulance. There must be a causal connection present arising from the use of the automobile before coverage can be involved. Id. There is no evidence that suggests this injury was caused by the use of the ambulance. Therefore, Smith's issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.